IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| JAMES ROBERT JACKSON, Jr. ) | BK No. 19-01746-MH3-7 |
| *dba* STONEWALL FARM ) | |
| ) | |
| Debtor(s). ) | |

**EXPEDITED MOTION TO: (I) APPROVE A SHORT SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS PURSUANT TO 11 U.S.C. § 363(b), (f), AND (m); (II) SURCHARGE AGREEMENT BETWEEN SECURED LENDER AND THE ESTATE; AND (III) OTHER RELIEF**

Comes Erica R. Johnson, Trustee in the above-captioned case (the "Trustee"), by and through counsel, and files this Expedited Motion to: (1) approve short sale of real property free and clear of liens, claims, encumbrances, and interests pursuant to 11 U.S.C. § 363(b), (f), and (m); (2) surcharge agreement between secured lender and the estate; and (3) other relief (the "Motion"). In support thereof, the Trustee would state and show:

A. **Expedited Relief Requested:** The Trustee requests the following relief:

1. For an Order authorizing the Trustee to sell the Property (as defined below) under the terms and conditions described below;

2. For an Order that approves the sale of the Property pursuant to 11 U.S.C. § 363 (b), (f), (h), (m) and Fed. R. Bankr. P. 6004;

3. For an Order that declares that the liens of the Lender (as defined below) and Pinnacle (as defined below) attach to the proceeds of the sale of the Property;

4. For an Order that declares that the sale of the Property is free and clear of the lien of Mr. Nippert (as defined below);

5. For an Order that declares that the sale of the Property is free and clear of any and all exemptions and/or interests of the Debtor;

6. For an Order that approves the payment of sale proceeds to: (1) the costs of sale; (2) the Lender in full satisfaction of its lien against the Property; and (3) Pinnacle in full satisfaction of its lien against the Property.

B. **Urgency of Such Request:**

1. The Trustee is attempting to sell the Property.

2. Time is of the essence in selling the Property as the Trustee and the Lender have entered into an agreed order that allows the Trustee 120 days from October 24, 2019 to obtain a contract for the sale of the Property. Such agreed order also allows the Trustee an additional 30 days to execute the transfer of the Property to the potential buyer. *See* Agreed Order entered October 24, 2019 (Docket Entry 53).

3. On or about November 6, 2019, the Trustee entered into a Purchase and Sale Agreement for the Property. The transaction needs to close on or before March 10, 2020.

4. The Trustee seeks the requested relief on an expedited basis to comply with the Order entered October 24, 2019 and the proposed closing date of March 10, 2020.

C. **Service of Expedited Motion:**

1. Notice of this Expedited Motion was provided electronically via ECF Notice to the U.S. Trustee, ustpregion08.na.ecf@usdoj.gov, Lefkovitz and Lefkovitz, PLLC, Attorneys for Debtor, slefkovitz@lefkovitz.com, and all creditors and/or parties of interest who are registered with the Court to receive ECF Notices.

2. Notice of this Expedited Motion was also served via regular U.S. Mail upon all creditors and parties in interest, as shown on the mailing matrix which is attached to the original of this document and on file in the office of the Clerk of this Court, on this 18th day of February, 2020.

3. Furthermore, the Order setting the expedited hearing will be served via regular U.S. Mail upon all creditors and parties in interest. The Trustee will file a Certificate of Service for such service.

D. **Suggestion for Hearing:**

1. The Trustee proposes that this Expedited Motion be set for hearing on a date convenient for the Court anytime from Wednesday, February 26, 2020 through Friday, March 6, 2020[1], in Courtroom 3, Second Floor, Customs House, 701 Broadway, Nashville, Tennessee 37203.

E. **Other Statement/Argument in Support of Requested Relief:**

1. James Robert Jackson, Jr. (the "Debtor") commenced the above-captioned case by filing a voluntary chapter 7 petition on March 20, 2019 (the "Petition Date").

2. The Trustee is the duly appointed and acting trustee in this case.

3. An asset of the bankruptcy estate is real property commonly described as 1181 Neptune Road, Ashland City, Tennessee 37015 (the "Property"). The complete legal description is attached hereto as Exhibit "A".

4. The Debtor is the sole owner of the Property.

5. The Debtor's interest in the Property is property of the bankruptcy estate pursuant to 11 U.S.C. § 541.

6. As of the Petition Date, the Debtor valued the Property at $451,000.00. *See* Schedule A/B filed August 15, 2019 (Page 3 of Docket Entry 34).

7. The Trustee has performed a preliminary title search. The results of this preliminary title search are as follows (collectively referred to as the "Secured Creditors"):

| Creditor | Type of Lien (i.e. deed of trust, statutory, judicial) | Approximate Balance owed as of the time of the filing of the Motion |
|---|---|---|
| **SN Servicing Corporation (the "Lender"), 1st Mortgage Lienholder[2]** | Deed of Trust | **$456,331.27** pursuant to Motion for Relief filed September 19, 2019. *See* Docket Entry 46. |
| **Pinnacle Bank ("Pinnacle"), 2nd Mortgage Lienholder[3]** | Deed of Trust | **$151,523.41** pursuant to Claim filed April 19, 2019. *See* Claim No. 1. |
| **Alfred K. Nippert, Jr. ("Mr. Nippert"), Judgment Creditor[4]** | Judicial | **$791,185.07** pursuant to Claim filed January 28, 2020. *See* Claim No. 2. |

8. The Debtor is not entitled to an exemption in the Property.

9. On or about April 5, 2019, the Lender, through its agent, BK Global Real Estate Services LLC ("BK Global"), contacted the Trustee with an offer to allow the Trustee an opportunity to sell the Property and pay a carve-out to the bankruptcy estate.

10. The Trustee, after reviewing certain materials, including (without limitation) sales analysis report and opinion of value for the Property provided by BK Global and the Realtor, has determined it to be in the best interest of the Debtor's estate and all creditors to negotiate to obtain the Lender's agreement and consent (the "Consent") to:

    a. Sell the Property to whichever third party the Trustee determines to have made the best qualified offer during a public sale approved by the Court;

    b. Release the lien of the Lender and otherwise waive all of its claims against the estate with respect to the Property (including any deficiency claims resulting from the proposed sale); and

    c. Agree to a 11 U.S.C. § 506 surcharge to pay all of the expenses associated

with the proposed sale, including the payment of a six percent (6%) real estate commission to be shared by BK Global and the Realtor and reimbursement of their out-of-pocket expenses, and provide a carve out for the benefit of allowed unsecured creditors of the Debtor's estate.

11. Before the filing of this motion, the Trustee employed Amanda L. Bell, a member of At Home Realty, (the "Realtor") as a realtor to market the Property for sale. *See* Order Authorizing Employment of Realtor entered November 7, 2019 (Docket Entry 59).

12. Before the filing of this motion, the Trustee employed BK Global as a professional for the purpose of negotiating with the secured creditors to facilitate the sale of the Property. *See* Order Authorizing Employment of BK Global Real Estate Services LLC entered November 7, 2019 (Docket Entry 60).

13. The Property was listed by the Realtor for sale to the general public on or about October 29, 2019 for $409,900.00.

14. The Trustee requests the entry of an order pursuant to Section 363 of the Bankruptcy Code approving the sale of the Property, using the services of BK Global and the Realtor, free and clear of all liens, claims, encumbrances, and interests. As a material inducement to the Trustee's decision to pursue the proposed sale, the Lender consents to the Property's sale and the creation of a carve-out fund (the "Carve-Out Fund") that will provide for the costs of this case to be paid and provide a recovery for other creditors. The Trustee requests that any creditor (other than the Secured Creditors) asserting an interest or secured claim against the Property be required to file a response or objection. In the absence of a timely filed response or objection to the Motion, the Court may enter an order approving the Motion without further notice.

15. The Trustee proposes to sell the Property for Four Hundred Thousand Dollars ($400,000.00) to Edward T. Potts, Jr. and Linda G. Potts (the "Buyer"), who has submitted an earnest money deposit for the purchase of the Property in the amount of Four Thousand Dollars ($4,000.00). The purchase also includes a Buyer's Premium to the Trustee in the amount of Nine Thousand Nine Hundred Dollars ($9,900.00). The closing date for the sale of the Property shall take place on or before March 10, 2020. The complete Purchase and Sale Agreement is attached hereto as Exhibit "B" and made a part hereof.

16. The sale has been approved by the Secured Creditors, which will result in a carve-

out for the bankruptcy estate in the approximate amount of $21,700.00. Attached as Exhibits "C" and "D" respectively are the redacted settlement statement and redacted letters of consent/approval from the Secured Creditors.

17. The Trustee believes that the sales price is fair and reasonable considering the valuation of the property given by the Debtor, the fact that the Property has been listed for sale with the general public, and considering the Property's appraised value.

18. The Buyer is not an insider of the Debtor as defined in 11 U.S.C. § 101(31). The sale represents an arms-length transaction between the parties, made without fraud, collusion, and no attempt has been made by either party to take any unfair advantage of the other. The Buyer is purchasing the Property in good faith pursuant to § 363(m).

19. The Trustee proposes to sell the Property as is and where is and makes no representations or warranties as to the condition of the Property.

20. The Trustee will convey by valid Bankruptcy Trustee's Deed, or other appropriate instrument, the right, title, and interest that Trustee has the right to convey.

21. The sale of the Property is being made free and clear of any interest in the Property held by an entity other than the estate pursuant to 11 U.S.C. § 363(f) because either: (1) applicable non-bankruptcy law permits the sale of the Property free and clear of such interests; (2) such entity consents to the sale; (3) such interest is a lien and the price at which the Property is to be sold is greater than the aggregate value of all liens on such property; (4) such interest is in bona fide dispute; or (5) such entity could be compelled, in a legal or equitable proceedings to accept a money satisfaction of such interest.

22. The Trustee states that she shall satisfy Section 363(f)(2) of the Bankruptcy Code because the Secured Creditors consent to a sale of the Property under Section 363(f)(2) of the Bankruptcy Code, free and clear of all liens, claims, encumbrances, and interests.

23. The Lender agrees to pay at closing (1) all outstanding real estate taxes, including any prorated amounts due for the current tax year; (2) if applicable, the lesser of any HOA fees accrued post-petition or the equivalent to twelve months' assessments; (3) all closing costs excluding professional fees but including State Documentary Stamps for the entire closing price; and (4) the carve out to the Trustee in the approximate amount of $21,700.00. Any payments by the Lender as stated herein shall be subject to any and all limitations on the Lender's liability for any fees and costs under applicable law.

24. The following commissions and lienholders will be paid from the sale proceeds:

| **The Lender:** | **$356,830.69** pursuant to Consent dated January 9, 2020. *See* Exhibit D. |
|---|---|
| **Pinnacle:** | **$6,000.00** pursuant to Consent dated January 16, 2020. *See* Exhibit D. |
| **Mr. Nippert:** | **$0.00** pursuant to Consent dated February 5, 2020. *See* Exhibit D. |
| **Real Estate Commission:** | Six percent (6%) of gross proceeds per L.B.R. 6005-1(c), to be paid as follows:<br>1. **$8,000.00** to the Realtor, the Trustee's Agent;<br>2. **$8,000.00** to BK Global, the Trustee's Professional; and<br>3. **$8,000.00** to Parks, the Buyer's Agent. |
| **Debtor's Exemption:** | None |
| **Other costs and expenses:** | *See* Purchase and Sale Agreement previously referenced as Exhibit B and the proposed Settlement Statement previously referenced as Exhibit C. |

25. Pursuant to the agreement with the Lender (i.e. carve-out of $11,843.23) and the terms of the sale (i.e. buyer's premium of $9,900.00), the bankruptcy estate will receive net proceeds in the amount of $21,743.23.

26. The Trustee has reviewed the tax implications of the proposed sale with her accountant and determined that the proposed sale will result in a taxable capital gain in the range of $9,000.00 - $11,500.00. Such liability will reduce the range of the proposed distribution to $10,243.23 - $12,743.23. The Trustee and her attorney intend to take a reduction in the administrative claims relating to the Trustee's commission/expenses and the attorney fees/expenses (the "Trustee Related Claims") to ensure that the unsecured creditors receive a higher distribution. Therefore, the net balance will be split (50/50) between the Trustee Related Claims and the unsecured creditors.

27. The Trustee believes the sale is in the best interest of the bankruptcy estate, the Debtor, creditors and other parties in interest and should be approved.

WHEREFORE, the Trustee respectfully requests the following:

A. That the Court set an expedited hearing on the Trustee's Motion at a date convenient for the Court anytime from February 26, 2020 to March 6, 2020;

B. For an Order authorizing the Trustee to sell the Property under the terms and conditions described above;

C. For an Order that approves the sale of the Property pursuant to 11 U.S.C. § 363(b), (f), (h), (m), and (n) and Fed. R. Bankr. P. 6004;

D. For an Order that declares that the liens of the Lender and Pinnacle attach to the

proceeds of the sale of the Property;

E. For an Order that declares that the sale of the Property is free and clear of the lien of Mr. Nippert;

F. For an Order that declares that the sale of the Property is free and clear of any and all exemptions and/or interests of the Debtor;

G. For an Order that approves the payment of sale proceeds to: (1) the costs of sale as outlined in the Purchase and Sale Agreement previously referenced as Exhibit B; (2) the Lender in full satisfaction of its lien against the Property; and (3) Pinnacle in full satisfaction of its lien against the Property;

H. For an Order that waives the fourteen (14) day stay of the order approving the sale under Fed. R. Bankr. P. 6004(h); and

I. For such further and other relief as the Court may deem proper.

Respectfully submitted,

*/s/ Erica R. Johnson*
Erica R. Johnson (BPR No. 30939)
ERICA R. JOHNSON,
ATTORNEY AT LAW, PLLC
8161 Highway 100, Suite 184
Nashville, Tennessee 37221
(615) 347-5869 – Telephone
erica@erjlaw.com – Email
*Attorneys for Trustee*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of the Expedited Motion was served either electronically via ECF Notice or U.S. Mail to the U.S. Trustee, ustpregion08.na.ecf@usdoj.gov; Lefkovitz and Lefkovitz, PLLC, Attorneys for Debtor, slefkovitz@lefkovitz.com; Megan Lynch, Bankruptcy Asset Manager, SN Servicing Corporation, 323 5th Street, Eureka, CA 95501; Kim Davis, Paralegal, Pinnacle Financial Partners, 150 3rd Avenue South, Nashville, TN 37201; and to all creditors and parties in interest, as shown on the mailing matrix which is attached to the original of this document and on file in the office of the Clerk of this Court, on this 18th day of February, 2020.

*/s/ Erica R. Johnson*
Erica R. Johnson

---

[1] The Trustee will be out of town attending a conference from February 21, 2020 through February 25, 2020.
[2] Pursuant to Deed of Trust recorded March 3, 2005 in Book 137, Page 556, Register's Office for Cheatham County, Tennessee.
[3] Pursuant to Deed of Trust recorded December 28, 2007 in Book 273, Page 395, Register's Office for Cheatham County, Tennessee.
[4] Pursuant to Judgment recorded September 17, 2013 in Book 456, Page 469, Register's Office for Cheatham County, Tennessee.